UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-61780-Zloch-Rosenbaum**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VARIOUS REAL PROPERTIES PURCHASED BY
OR WITH OR ON BEHALF OF SCOTT W. ROTHSTEIN,
SPECIFICALLY:

(1) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2307 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(2) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2308 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(3) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2316 CASTILLA ISLE,
FORT LAUDERDALE, FLORIDA;

(4) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 30 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(5) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 29 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(6) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 350 SE 2nd STREET, UNIT 2840,
FORT LAUDERDALE, FLORIDA;

(7) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 380 CARRINGTON DRIVE,
WESTON, FLORIDA;

(8) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2133 IMPERIAL POINT DRIVE,
FORT LAUDERDALE, FLORIDA;

        Defendants.

_____/

FILED by _VT_ D.C.
ELECTRONIC

**Nov. 9, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, hereby files this verified civil complaint for forfeiture *in rem* and states as follows:

### GENERAL ALLEGATIONS

1.     This is a civil action for forfeiture *in rem* for eight real properties, situated in Broward County in the Southern District of Florida, and appurtenances thereon, located at (1) 2307 Castilla Isle, Fort Lauderdale, Florida; (2) 2308 Castilla Isle, Fort Lauderdale, Florida; (3) 2316 Castilla Isle, Fort Lauderdale, Florida; (4) 30 Isla Bahia Drive, Fort Lauderdale, Florida; (5) 29 Isla Bahia Drive, Fort Lauderdale; (6) 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida; (7) 380 Carrington Drive, Weston, Florida; and (8) 2133 Imperial Point Drive, Fort Lauderdale, Florida, hereinafter collectively known as "the defendants" or "the defendant properties," for violation of 18 U.S.C. §1343, and/or 18 U.S.C. §1957, thereby subjecting the defendant properties to forfeiture  pursuant to 18 U.S.C. § 981(a)(1)(C) and pursuant to 18 U.S.C. §981(a)(1)(A).

2.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355.

3.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1355 (b)(1), 1355 (b)(2) and 1395 because the defendant properties are located in the Southern District of Florida.

4.     The defendant real properties will not be seized, but will be posted with a summons/notice of the complaint in accordance with 18 U.S.C. §985(c)(1) and (3).

5.     The defendant real property located at 2307 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 1," includes all buildings, improvements, fixtures,

-2-

attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 5

6.      The defendant real property located at 2308 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 2," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 4

7.      The defendant real property located at 2316 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 3," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 3 & Lot 4 W ½ Blk 4

8.      The defendant real property located at 30 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 4," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 63

9.      The defendant real property located at 29 Isla Bahia Drive, Fort Lauderdale, hereafter also referred to as "Defendant 5," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 35

10.     The defendant real property located at 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 6," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

350 Las Olas Place Condo Unit 2840

-3-

11.     The defendant real property located at 380 Carrington Drive, Weston, Florida, hereafter also referred to as "Defendant 7," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Sector 4 North 153-46 B Lot 24 Blk A

12.     The defendant real property located at 2133 Imperial Point Drive, Fort Lauderdale, hereafter also referred to as "Defendant 8," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Imperial Point 1 Sec 53-44 B Lot 11 Blk 22

## FACTUAL ALLEGATIONS

13.     Based upon the following information, there is probable cause to believe that the above-described defendant properties were acquired in connection with a "Ponzi" scheme, conducted by attorney Scott Rothstein, hereinafter "ROTHSTEIN," and others.   ROTHSTEIN has been operating the "Ponzi" scheme since approximately 2005.

14.     According to witness complaints, clients were solicited by, or on behalf of, ROTHSTEIN to invest in pools of structured settlements in which putative plaintiffs in civil cases had entered into confidential settlement agreements with putative defendants based upon the forbearance of civil claims in sexual harassment and other labor-related cases.   The potential investors were told that these settlements, which existed in blocks ranging from hundreds of thousands to millions of dollars, could be purchased at a discount and repaid to the investors at face value over time.   Clients who agreed to invest were directed by ROTHSTEIN or others to wire transfer funds to the trust account of Rothstein, Rosenfeld and Adler, PA, hereinafter "RRA," a law firm located in Fort Lauderdale, Florida.   For example, in September 2009, one potential investor

-4-

was told that he could purchase a settlement valued at $450,000.00 for $375,000.00 which would be repaid in increments of $150,000.00 per month for the following three months. This would amount to a yield of 20 percent over three months, or an annual percentage yield in excess of 80 percent. The investor was further told that the funds were held in the RRA trust account. The investor was shown a purported wire transfer receipt as evidence that the funds were held in the trust account of RRA. ROTHSTEIN is the first named partner of RRA.

15.     The criminal investigation has disclosed that the investments purportedly underlying the above-described investment scheme never existed. The investigation has established that no such settlement agreements had ever existed and the entire investment scheme was a fraud. These transactions constituted a "Ponzi" scheme in which new investor money was utilized to pay previous investors in furtherance of the scheme. The investigation has disclosed that these types of fraudulent investments had been offered by Rothstein to a variety of persons and entities throughout the United States for at least four years, and the scheme involved hundreds of millions of dollars. Multiple bank accounts were utilized at financial institutions into which investors' money was sent by wire transfer across state lines. Further, as a fraudulent inducement to investors, ROTHSTEIN and co-conspirators falsified documents which were presented to investors as proof that certain sums of money were contained in these bank accounts when, in fact, the bank accounts did not contain these funds.

16.     The investigation has established that portions of the criminally derived proceeds were used to pay past investors thereby promoting the scheme. The investigation has established that portions of the criminally derived proceeds were used to acquire millions of dollars worth of assets including the defendant real properties set forth above. The investigation has further established that

-5-

many of the properties have been transferred to the following nominee corporations controlled by Rothstein, as set forth below, as a wealth preservation mechanism: "C1 07 LLC," "C1 08 LLC," "C1 16 LLC," "29 Bahia LLC," "MLC 350 LLC,""350 LOP #2840 LLC," "JB Boca M Holdings LLC."

17.    The investigation has established that Rothstein's financial ability to acquire such properties did not exist prior to the execution of the Ponzi scheme.

18.    Rothstein used proceeds obtained from the Ponzi scheme to acquire the defendant real properties.

19.    Rothstein acquired Defendant 1 on or about September 21, 2007 for a sales price of $1,750,000.

20.    Defendant 1 was transferred, via Quit Claim Deed, to "C1 07 LLC" on or about August 10, 2009.

21.    Rothstein acquired Defendant 2 on or about March 3, 2005 for a sales price of $2,730,000.

22.    Defendant 2 was transferred, via Quit Claim Deed, to "C1 08 LLC" on or about July 22, 2009.

23.    Rothstein acquired Defendant 3 on or about March 14, 2007 for a sales price of $1,925,000.

24.    Defendant 3 was transferred, via Quit Claim Deed, to "C1 16 LLC" on or about August 10, 2009.

25.    Rothstein and his wife Kimberly Rothstein acquired Defendant 4 on or about March 14, 2008 for a sales price of $6,450,000.

26.    Defendant 5, a vacant lot, was transferred to "29 Bahia LLC" on or about January 7,

-6-

2009, for a sales price of $4,000,000.

27.     Defendant 6 was acquired by "MLC350 LLC" on or about May 31, 2005.

28.     Defendant 6 was transferred, via Warranty Deed, to "350 LOP #2840 LLC" on or about May 20, 2009.

29.     Rothstein acquired Defendant 7 on or about April 8, 2008 for a sales price of $475,000.

30.     Defendant 7 was transferred to Debra E. Villegas on or about July 27, 2009 for $100.

31.     Rothstein acquired Defendant 8 on or about November 5, 2008 for a sales price of $505,000.

32.     Defendant 8 was transferred to 2133 IP LLC on or about August 10, 2009 via quit claim deed for $100.

## FIRST CLAIM FOR FORFEITURE
### 18 U.S.C. §§ 981(a)(1)(C) and 1343

33.     Plaintiff realleges paragraphs 5 through 32, above as if fully set forth herein.

34.     Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title, or a conspiracy to commit such offense."

35.     "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1). Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

36.     Title 18, United States Code, Section 1343 provides that:

-7-

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits, or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, shall be fined...

37.     Ponzi scheme investors utilized interstate wires to transfer their funds to Rothstein and or RRA.

38.     The millions of dollars generated by the Ponzi scheme constitute proceeds of wire fraud.

39.     Rothstein used the proceeds of wire fraud to acquire the defendant properties.

40.     Based on the foregoing, the defendant properties constitute or were derived from proceeds traceable to the specified unlawful activity of wire fraud, in violation of Title 18, United States Code, Section 1343, and are thereby forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)( c).

## SECOND CLAIM FOR FORFEITURE
## 18 U.S.C. §§ 981(a)(1)(A) and 1957

41.     Plaintiff realleges paragraphs 5 through 32 above as if fully set forth herein.

42.     Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1957...of this title, or any property traceable to such property."

43.     Title 18, United States Code, Section 1957 provides in pertinent part:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

-8-

\*\*\*

(d) The circumstances referred to in subsection (a) are –

(1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States...

44.    "Monetary transaction" is defined in 18 U.S.C. §1957(f)(1) as the:

deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument ... by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title...

45.    "Financial transaction" is defined in 18 U.S.C. §1956(c)(4) as:

(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

46.    "Criminally derived property" is defined in 18 U.S.C. §1957(f)(2) as "any property constituting, or derived from, proceeds obtained from a criminal offense."

47.    "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1). Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

48.    Because the funds used to acquire the defendant properties, constitute criminally derived property from wire fraud, exceed $10,000 and were involved in a monetary transaction, the defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as they represent properties involved in a transaction or attempted transaction in violation of 18 U.S.C. §1957, and properties traceable to such property.

-9-

-10-

## CONCLUSION

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons having

any claim to the defendant properties be directed to file and serve their verified claims and answers

as required by Rule G(5), of the Supplemental Rules for Admiralty and Maritime Claims and Asset

Forfeiture Actions, or suffer default thereof, and further requests that the Court declare the defendant

properties condemned and forfeited to the United States of America, and that Plaintiff have such

other and further relief as may be just and proper together with the costs and disbursements of this

action.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By:     _____
ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street- 7th Floor
Miami, Florida 33132
Telephone: (305)961-9176
Fax: (305)536-7599
Alison.Lehr@usdoj.gov

-11-

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury,

that I have read the foregoing Complaint for Forfeiture In Rem and state that the facts alleged therein

are true and correct to the best of my knowledge and belief.

Executed this _____ day of November, 2009.


TARYN GUARIGLIA, Special Agent
INTERNAL REVENUE SERVICE

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VARIOUS REAL PROPERTIES PURCHASED BY
OR WITH OR ON BEHALF OF SCOTT W. ROTHSTEIN,
SPECIFICALLY:

(1) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2307 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(2) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2308 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(3) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2316 CASTILLA ISLE,
FORT LAUDERDALE, FLORIDA;

(4) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 30 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(5) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 29 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(6) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 350 SE 2nd STREET, UNIT 2840,
FORT LAUDERDALE, FLORIDA;

(7) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 380 CARRINGTON DRIVE,
WESTON, FLORIDA;

(8) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2133 IMPERIAL POINT DRIVE,
FORT LAUDERDALE, FLORIDA;

        Defendants.

_____/

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, hereby files this verified civil complaint for forfeiture *in rem* and states as follows:

## GENERAL ALLEGATIONS

1.      This is a civil action for forfeiture *in rem* for eight real properties, situated in Broward County in the Southern District of Florida, and appurtenances thereon, located at (1) 2307 Castilla Isle, Fort Lauderdale, Florida; (2) 2308 Castilla Isle, Fort Lauderdale, Florida; (3) 2316 Castilla Isle, Fort Lauderdale, Florida; (4) 30 Isla Bahia Drive, Fort Lauderdale, Florida; (5) 29 Isla Bahia Drive, Fort Lauderdale; (6) 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida; (7) 380 Carrington Drive, Weston, Florida; and (8) 2133 Imperial Point Drive, Fort Lauderdale, Florida, hereinafter collectively known as "the defendants" or "the defendant properties," for violation of 18 U.S.C. §1343, and/or 18 U.S.C. §1957, thereby subjecting the defendant properties to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and pursuant to 18 U.S.C. §981(a)(1)(A).

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1355 (b)(1), 1355 (b)(2) and 1395 because the defendant properties are located in the Southern District of Florida.

4.      The defendant real properties will not be seized, but will be posted with a summons/notice of the complaint in accordance with 18 U.S.C. §985(c)(1) and (3).

5.      The defendant real property located at 2307 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 1," includes all buildings, improvements, fixtures,

-2-

attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 5

6.     The defendant real property located at 2308 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 2," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 4

7.     The defendant real property located at 2316 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 3," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 3 & Lot 4 W ½ Blk 4

8.     The defendant real property located at 30 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 4," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 63

9.     The defendant real property located at 29 Isla Bahia Drive, Fort Lauderdale, hereafter also referred to as "Defendant 5," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 35

10.     The defendant real property located at 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 6," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

350 Las Olas Place Condo Unit 2840

-3-

11.     The defendant real property located at 380 Carrington Drive, Weston, Florida, hereafter also referred to as "Defendant 7," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Sector 4 North 153-46 B Lot 24 Blk A

12.     The defendant real property located at 2133 Imperial Point Drive, Fort Lauderdale, hereafter also referred to as "Defendant 8," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Imperial Point 1 Sec 53-44 B Lot 11 Blk 22

## FACTUAL ALLEGATIONS

13.     Based upon the following information, there is probable cause to believe that the above-described defendant properties were acquired in connection with a "Ponzi" scheme, conducted by attorney Scott Rothstein, hereinafter "ROTHSTEIN," and others.   ROTHSTEIN has been operating the "Ponzi" scheme since approximately 2005.

14.     According to witness complaints, clients were solicited by, or on behalf of, ROTHSTEIN to invest in pools of structured settlements in which putative plaintiffs in civil cases had entered into confidential settlement agreements with putative defendants based upon the forbearance of civil claims in sexual harassment and other labor-related cases.  The potential investors were told that these settlements, which existed in blocks ranging from hundreds of thousands to millions of dollars, could be purchased at a discount and repaid to the investors at face value over time.  Clients who agreed to invest were directed by ROTHSTEIN or others to wire transfer funds to the trust account of Rothstein, Rosenfeld and Adler, PA, hereinafter "RRA," a law firm located in Fort Lauderdale, Florida.  For example, in September 2009, one potential investor

-4-

was told that he could purchase a settlement valued at $450,000.00 for $375,000.00 which would be repaid in increments of $150,000.00 per month for the following three months. This would amount to a yield of 20 percent over three months, or an annual percentage yield in excess of 80 percent. The investor was further told that the funds were held in the RRA trust account. The investor was shown a purported wire transfer receipt as evidence that the funds were held in the trust account of RRA. ROTHSTEIN is the first named partner of RRA.

15.     The criminal investigation has disclosed that the investments purportedly underlying the above-described investment scheme never existed. The investigation has established that no such settlement agreements had ever existed and the entire investment scheme was a fraud. These transactions constituted a "Ponzi" scheme in which new investor money was utilized to pay previous investors in furtherance of the scheme. The investigation has disclosed that these types of fraudulent investments had been offered by Rothstein to a variety of persons and entities throughout the United States for at least four years, and the scheme involved hundreds of millions of dollars. Multiple bank accounts were utilized at financial institutions into which investors' money was sent by wire transfer across state lines. Further, as a fraudulent inducement to investors, ROTHSTEIN and co-conspirators falsified documents which were presented to investors as proof that certain sums of money were contained in these bank accounts when, in fact, the bank accounts did not contain these funds.

16.     The investigation has established that portions of the criminally derived proceeds were used to pay past investors thereby promoting the scheme. The investigation has established that portions of the criminally derived proceeds were used to acquire millions of dollars worth of assets including the defendant real properties set forth above. The investigation has further established that

-5-

many of the properties have been transferred to the following nominee corporations controlled by Rothstein, as set forth below, as a wealth preservation mechanism: "C1 07 LLC," "C1 08 LLC," "C1 16 LLC," "29 Bahia LLC," "MLC 350 LLC,"'350 LOP #2840 LLC," "JB Boca M Holdings LLC."

17.    The investigation has established that Rothstein's financial ability to acquire such properties did not exist prior to the execution of the "Ponzi" scheme.

18.    ROTHSTEIN used proceeds obtained from the "Ponzi" scheme to acquire the defendant real properties.

19.    ROTHSTEIN acquired Defendant 1 on or about September 21, 2007 for a sales price of $1,750,000.

20.    Defendant 1 was transferred, via Quit Claim Deed, to "C1 07 LLC" on or about August 10, 2009.

21.    ROTHSTEIN acquired Defendant 2 on or about March 3, 2005 for a sales price of $2,730,000.

22.    Defendant 2 was transferred, via Quit Claim Deed, to "C1 08 LLC" on or about July 22, 2009.

23.    ROTHSTEIN acquired Defendant 3 on or about March 14, 2007 for a sales price of $1,925,000.

24.    Defendant 3 was transferred, via Quit Claim Deed, to "C1 16 LLC" on or about August 10, 2009.

25.    ROTHSTEIN and his wife Kimberly ROTHSTEIN acquired Defendant 4 on or about March 14, 2008 for a sales price of $6,450,000.

26.    Defendant 5, a vacant lot, was transferred to "29 Bahia LLC" on or about January 7,

2009, for a sales price of $4,000,000.

27.     Defendant 6 was acquired by "MLC350 LLC" on or about May 31, 2005.

28.     Defendant 6 was transferred, via Warranty Deed, to "350 LOP #2840 LLC" on or about May 20, 2009.

29.     ROTHSTEIN acquired Defendant 7 on or about April 8, 2008 for a sales price of $475,000.

30.     Defendant 7 was transferred to Debra E. Villegas on or about July 27, 2009 for $100.

31.     ROTHSTEIN acquired Defendant 8 on or about November 5, 2008 for a sales price of $505,000.

32.     Defendant 8 was transferred to "2133 IP LLC" on or about August 10, 2009 via quit claim deed for $100.

## FIRST CLAIM FOR FORFEITURE
## 18 U.S.C. §§ 981(a)(1)(C) and 1343

33.     Plaintiff realleges paragraphs 5 through 32, above as if fully set forth herein.

34.     Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in Section 1956(c)(7) of this title, or a conspiracy to commit such offense."

35.     "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1). Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

36.     Title 18, United States Code, Section 1343 provides that:

-7-

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits, or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, shall be fined...

37.     "Ponzi" scheme investors utilized interstate wires to transfer their funds to ROTHSTEIN and or RRA.

38.     The millions of dollars generated by the "Ponzi" scheme constitute proceeds of wire fraud.

39.     ROTHSTEIN used the proceeds of wire fraud to acquire the defendant properties.

40.     Based on the foregoing, the defendant properties constitute or were derived from proceeds traceable to the specified unlawful activity of wire fraud, in violation of Title 18, United States Code, Section 1343, and are thereby forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)( C).

## SECOND CLAIM FOR FORFEITURE
### 18 U.S.C. §§ 981(a)(1)(A) and 1957

41.     Plaintiff realleges paragraphs 5 through 32 above as if fully set forth herein.

42.     Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1957...of this title, or any property traceable to such property."

43.     Title 18, United States Code, Section 1957 provides in pertinent part:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

-8-

\*\*\*

(d) The circumstances referred to in subsection (a) are –

(1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States...

44.     "Monetary transaction" is defined in 18 U.S.C. §1957(f)(1) as the:

deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument ... by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title...

45.     "Financial transaction" is defined in 18 U.S.C. §1956(c)(4) as:

(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

46.     "Criminally derived property" is defined in 18 U.S.C. §1957(f)(2) as "any property constituting, or derived from, proceeds obtained from a criminal offense."

47.     "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1). Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

48.     Because the funds used to acquire the defendant properties, constitute criminally derived property from wire fraud, exceed $10,000 and were involved in a monetary transaction, the defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as they represent properties involved in a transaction or attempted transaction in violation of 18 U.S.C. §1957, and properties traceable to such property.

-9-

## CONCLUSION

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons having any claim to the defendant properties be directed to file and serve their verified claims and answers as required by Rule G(5), of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, or suffer default thereof, and further requests that the Court declare the defendant properties condemned and forfeited to the United States of America, and that Plaintiff have such other and further relief as may be just and proper together with the costs and disbursements of this action.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By: _____

ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street- 7th Floor
Miami, Florida 33132
Telephone: (305)961-9176
Fax: (305)536-7599
Alison.Lehr@usdoj.gov

-10-

VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Complaint for Forfeiture In Rem and state that the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed this _____9_____ day of November, 2009.

TARYN GUARIGLIA, Special Agent
INTERNAL REVENUE SERVICE

-11-

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Various Real Properties Purchased By ...Scott W. Rothstein, etc. |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Alison W. Lehr, Assistant United States Attorney
99 NE 4th Street, 7th Floor
Miami, Florida 33132

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

0:09 CV 61780 - 210ch-RSR

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☑ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO

JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Forfeiture pursuant to 18 USC 981(a)(1)(A)and (C); violations 18 USC 1343/1957

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD  _Alison W. Lehr_

DATE  11/9/09

FOR OFFICE USE ONLY

AMOUNT _WAIVED_   RECEIPT # _____   IFP _____